UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RAFAEL PEREZ,

                Plaintiff,

vs.

KEVIN BEACH, Chief of Police of the City of Rome, New York, JOHN DOE, a fictional name intended to represent one or more police officers of the City of Rome, New York, whose identities are as yet unknown, and THE CITY OF ROME, NEW YORK,

                Defendants.

**COMPLAINT**

Civil Case No.  6:13-CV-1198

Hon.  [DNH/ATB]

## JURISDICTION AND VENUE

1. This civil rights action is brought in part pursuant to 42 U.S.C. Sections 1981, 1983, 1985, 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. This action is for money damages to redress the deprivation by Defendants of rights secured to Plaintiff by the Constitution and laws of the United States and State of New York, including excessive force, failure to intervene, denial of medical care, and under Monell. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 and 1367(a), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent and supplemental jurisdiction of this Court to herein decide claims arising under New York state law including but not limited to claims for negligence, assault and battery.

2. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) excluding interest and costs and/or otherwise is within the jurisdiction of this Court.

3. Venue is proper in this court under 28 U.S.C. § 1391(b) because the events that gave rise to Plaintiff's claims took place in the Northern District of New York.

## PARTIES

4. Plaintiff, Rafael Perez, is and was at all times relevant to this Complaint, a Puerto-Rican citizen of the United States and a resident of the City of Rome, County of Oneida, State of New York.

5. Defendant, Kevin Beach, is and was at all times relevant to this Complaint, employed as the chief of police of the City of Rome, New York police department.

6. Defendant, John Doe, is and was at all times relevant to this Complaint, employed as a police officer with the City of Rome, New York police department. This is a fictitious name intended to represent one or more City of Rome, New York police officers whose identities are as yet unknown, but whose identities are known to the City of Rome, New York.

7. Defendant, City of Rome, New York, is a municipal corporation organized and existing under the laws of the State of New York and is situated in the County of Oneida and State of New York, at all times relevant hereto, employed the hereinbefore named individual Defendants as Police Officers.

8. During all times mentioned in this Complaint, Defendants Beach, John Doe(s) were acting within the scope of their employment and under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of New York, County of Oneida, New York, and/or the City of Utica, New York.

9. At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with each other. Each Defendant had the duty and the opportunity to protect the Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

## FACTS

10. Plaintiff repeats, reiterates, and realleges each and every allegation heretofore set forth in paragraphs numbered "1" through "9" with the same force and effect as if the same were fully set forth hereinafter.

STEPHEN L. LOCKWOOD, P.C.   Attorneys at Law   285 Genesee Street   Utica, New York 13501   Tel. (315) 724-5177

11. On or about May 7, 2013 at around 1:00 p.m., Plaintiff was walking to his residence, and was near the Arby's Restaurant, 413 Black River Blvd, Rome, New York, 13440.

12. Plaintiff was not engaged in any improper, illegal or suspicious activities.

13. As Plaintiff neared the parking lot of the aforesaid Arby's Restaurant, a female police officer in a marked Rome police vehicle pulled up close to Plaintiff and said "Come here" or words to that effect. Plaintiff stopped and replied to the said officer "I have not done anything wrong."

14. Plaintiff turned back around to continue walking home and the female officer exited the vehicle and said "Stop" or words to that effect. Plaintiff stopped and looked back and again repeated "I have not done anything wrong" and turned away.

15. Another marked Rome police vehicle then approached Plaintiff. Two male Rome police officers got out and said "We want to talk to you." Plaintiff replied "I have not done anything wrong and I do not want to talk to you."

16. Plaintiff then traveled on foot through the parking lot of the Arby's Restaurant, reaching Black River Boulevard.

17. Suddenly Plaintiff felt a hot burning sensation in his back and fell down. Upon information and belief, Plaintiff blacked out at that time. Plaintiff later realized that a Rome police officer had shot him in the back with a Taser.

18. Upon information and belief, the aforementioned Rome police officers were joined by several more officers. After discharging the Taser at Plaintiff, the Defendants kicked and/or struck Plaintiff in and about his face, torso, back, hip and body.

19. Upon information and belief, several people walked by as the officers assaulted Plaintiff, but other officers watching the incident told them to leave and threatened them with arrest.

20. Upon information and belief, Plaintiff was then handcuffed and thrown into the back of a police car.

STEPHEN L. LOCKWOOD, P.C.   Attorneys at Law   285 Genesee Street   Utica, New York 13501   Tel. (315) 724-5177

21. Upon information and belief, during and/or after the occurrence, an ambulance responded to the scene, an officer approached ambulance personnel, and the ambulance left the scene.

22. Plaintiff was taken to the Rome Police Department for questioning, where he was asked about a stolen computer. Plaintiff replied that he had no knowledge of any stolen computers. He was kept there for over one hour.

23. At the police station, Plaintiff was in severe pain, and requested medical assistance several times. Plaintiff was never provided any medical attention or care at any point.

24. Upon Plaintiff's release, a Rome Police employee stated "I recommend that you go to the hospital" or words to that effect. The said employee handed Plaintiff his wallet, belt, keys and other property and released Plaintiff with no criminal charges.

25. Shortly thereafter, Plaintiff went to Rome Memorial Hospital, where he was examined and treated. Plaintiff had X-Rays and other tests performed. Plaintiff went back to Rome Memorial Hospital several more times for follow-up.

26. The aforesaid restraint and detention of Plaintiff by the aforementioned Defendants were false, illegal, intentional, willful, wanton and were done maliciously and without any probable cause, with racial animus, and intent to injure and oppress Plaintiff.

27. Thirty (30) days have elapsed since a Notice of Claim was properly served upon the City of Rome, New York, and adjustment or payment thereof has been neglected or refused.

STEPHEN L. LOCKWOOD, P.C.   Attorneys at Law   285 Genesee Street   Utica, New York 13501   Tel. (315) 724-5177

28. As a result of the hereinbefore described acts of Defendants, Plaintiff suffered severe injuries including but not limited to:

   a. Plaintiff has been subjected to humiliation, indignity and shame;

   b. Plaintiff has been caused to suffer emotional distress and mental anxiety;

   c. Plaintiff has suffered deprivations of his liberty, invasion of his privacy and physical and mental suffering, all in violation of his civil, human and Constitutional rights;

   d. Plaintiff suffered numerous rib fractures, Taser puncture wounds, and lacerations about his body.

## AS AND FOR A FIRST FEDERAL CAUSE OF ACTION

*(Excessive Force)*

29. The allegations in Paragraphs "1" through "28" are incorporated herein by reference with the same force and effect as if the same were fully set forth herein.

30. The acts and conduct of the Defendants enumerated hereinabove constitute excessive force in violation of the rights of Plaintiff, pursuant to 42. U.S.C. §§ 1983, 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR A SECOND FEDERAL CAUSE OF ACTION

*(Failure to Intervene)*

31. The allegations in Paragraphs "1" through "30" are incorporated herein by reference with the same force and effect as if the same were fully set forth herein.

32. The acts and conduct of the Defendants enumerated hereinabove constitute a failure to intervene in the violation of the rights of Plaintiff, pursuant to 42. U.S.C. §§ 1983, 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

STEPHEN L. LOCKWOOD, P.C.   Attorneys at Law   285 Genesee Street   Utica, New York 13501   Tel. (315) 724-5177

## AS AND FOR A THIRD FEDERAL CAUSE OF ACTION

*(Denial of Medical Care)*

33. The allegations in Paragraphs "1" through "32" are incorporated herein by reference with the same force and effect as if the same were fully set forth herein.

34. Plaintiff has a constitutional right to access medically necessary care and treatment while in the custody of police.

35. Defendants knew of Plaintiff's injuries, and Plaintiff requested medical attention while in the custody of police.

36. Defendants deprived Plaintiff of this right in refusing Plaintiff prompt access to medically necessary treatment and care, in violation of 42. U.S.C. §§ 1983, 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff has suffered damages as set forth herein and is entitled to compensation therefor.

## AS AND FOR A FOURTH FEDERAL CAUSE OF ACTION

*(False Arrest)*

38. The allegations in Paragraphs "1" through "37" are incorporated herein by reference with the same force and effect as if the same were fully set forth herein.

39. The acts and conduct of the Defendants enumerated hereinabove constitute false arrest in violation of the rights of Plaintiff, pursuant to 42. U.S.C. §§ 1981, 1983, 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR A FIFTH FEDERAL CAUSE OF ACTION

*(Monell Claim)*

40. The allegations in Paragraphs "1" through "39" are incorporated herein by reference with the same force and effect as if the same were fully set forth herein.

STEPHEN L. LOCKWOOD, P.C.   Attorneys at Law   285 Genesee Street   Utica, New York 13501   Tel. (315) 724-5177

41. The acts and conduct of the individual Defendants enumerated hereinabove constitute a violation of the rights of Plaintiff, pursuant to Monell v. Dept. of Social Services of the City of New York, et al., 436 U.S. 658 (1976) and 42. U.S.C. §§ 1983, 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

42. The City of Rome, New York, and its Chief of Police Kevin Beach have been on notice of its police officers violating the constitutional rights of individuals, to wit, using tasers and employing excessive force on individuals without probable cause or legal justification and/or failing to intervene while other law enforcement officers in their presence use tasers and employ excessive force on individuals without probable cause or legal justification, and denying those individuals medical care.

43. The City of Rome, New York, through Kevin Beach, has a policy and/or custom of failing to adequately hire, train, supervise and discipline those officers with regard to the use of excessive force and/or the duty to intervene when other officers use excessive force upon individuals in their presence, and denying those individuals medical care.

44. Specifically, if the City of Rome, New York and Kevin Beach had adequately hired, trained, supervised and/or disciplined its officers in general, and the particular Defendants herein, The City of Rome, New York could have prevented the wrongful assault upon Plaintiff herein.

## AS AND FOR A SIXTH NEW YORK STATE CAUSE OF ACTION

*(Negligence)*

45. The allegations in Paragraphs "1" through "44" above are incorporated by reference with the same force and effect as if the same were fully set forth herein.

46. The Defendants owed a duty to the Plaintiff to utilize reasonable care in physical interactions with Plaintiff.

47. Notwithstanding this duty, Defendants were negligent and careless in the treatment and handling of Plaintiff, thus breaching their duty to Plaintiff.

STEPHEN L. LOCKWOOD, P.C.   Attorneys at Law   285 Genesee Street   Utica, New York 13501   Tel. (315) 724-5177

48. The negligence of the Defendant in physically touching Plaintiff consists in, among other things, unnecessary use of taser upon Plaintiff, striking, physical touching and/or handling of Plaintiff in a rough manner so as to pose a risk of personal injury to Plaintiff.

49. As a result of the negligence of the Defendants, the Plaintiff was caused serious physical injuries.

50. As a result of the said injuries, the Plaintiff has suffered severe injuries resulting in limitations on his activities, and has experienced great physical and mental pain and suffering.

51. The negligence aforesaid is the proximate cause of the damages and injuries alleged.

52. The foregoing actions by Defendant constitute negligence under the laws of the State of New York and this Court has pendent jurisdiction to hear and adjudicate said state claims.

## AS AND FOR A SEVENTH AND EIGHTH NEW YORK STATE CAUSE OF ACTION

*(Assault/Battery)*

53. The allegations in Paragraphs "1" through "52" above are incorporated by reference with the same force and effect as if the same were fully set forth herein.

54. Defendants' violent acts committed against Plaintiff amounted to a series of events creating a reasonable apprehension in the Plaintiff of immediate harmful or offensive contact to the Plaintiff's person, all of which were done intentionally by Defendant without the Plaintiff's consent.

55. Defendant's violent acts committed against the Plaintiff further amounted to a series of harmful and offensive contacts to the Plaintiff's person all of which were done intentionally by Defendant without the Plaintiff's consent.

56. As a direct and proximate result of the aforementioned assault and battery, the Plaintiff sustained in the past and will sustain in the future, physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment, humiliation, indignity and shame.

STEPHEN L. LOCKWOOD, P.C.   Attorneys at Law   285 Genesee Street   Utica, New York 13501   Tel. (315) 724-5177

57.     The foregoing actions by Defendants constitute assault and battery under the laws of the State of New York and this Court has pendent jurisdiction to hear and adjudicate said state claims.

**WHEREFORE**, Plaintiff requests the following relief, joint and several, against all Defendants:

1.     On all causes of action, compensatory damages in excess of TWO MILLION DOLLARS ($2,000,000.00);

2.     Punitive damages in excess of TWO MILLION DOLLARS ($2,000,000.00);

3.     Reasonable attorneys' fees and costs;

4.     Such other and further relief as appears reasonable and just;

A jury trial is hereby demanded.

Dated:     September 25, 2013          Very Respectfully Yours,

STEPHEN L. LOCKWOOD, P.C.

*Stephen L. Lockwood*

By: Stephen L. Lockwood, Esq. of counsel
Bar Roll No. 102066
Attorneys for Plaintiff
285 Genesee Street
Utica, New York 13501
Telephone: (315) 724-5177